IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ROBERT JAMES SWINT**                                                                 **PLAINTIFF**

**v.**                                **CIVIL ACTION NO.: 3:23-cv-510-KHJ-MTP**

**PG & E and**
**GENERAL ELECTRIC**                                             **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* upon Plaintiff Robert James Swint's failure to prosecute this action and failure to comply with the Court's Orders [4] and [5]. For the reasons set forth below, the undersigned recommends that this matter be dismissed without prejudice.

On August 7, 2023, Plaintiff, proceeding *pro se*, filed his Complaint [1], along with a Motion for Leave to Proceed *in forma pauperis* ("IFP") [2]. The Court determined that Plaintiff's IFP application requires clarification in order that his financial status may be fairly evaluated and considered. Additionally, the Court determined that Plaintiff's Complaint [1] demands more information to identify the nature of his claims and relief sought, the allegations supporting his claims, and the basis for federal jurisdiction. The Court therefore ordered Plaintiff to clarify his IFP application and to file an amended complaint on or before August 31, 2023. *See* Order [4]. Plaintiff did not comply with the Court's Order [4].

Thus, on September 7, 2023, the Court entered an Order [5] directing Plaintiff to file a written statement setting forth why his case should not be dismissed for failure to comply with the Court's Order [4]. The Court again directed Plaintiff to provide information concerning his financial status and to file an amended complaint. The Court ordered Plaintiff to respond on or

before September 22, 2023, and warned Plaintiff that this was his final opportunity to comply. To date, Plaintiff has not responded to the Order [5], provided the information regarding his financial status, or amended his Complaint [1].

Federal Rule of Civil Procedure 41(b) authorizes this Court to exercise its discretion to dismiss an action "*sua sponte* for [a plaintiff's] failure to prosecute or comply with a court order." *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962). However, a court's dismissal *sua sponte* is proper only as long as the procedure employed is fair. *Gaffney v. State Farm Fire and Cas. Co.*, 294 Fed. App'x 975 (5th Cir. 2008). A *sua sponte* dismissal procedure is fair if the plaintiff had "notice of the court's intention [to dismiss] and an opportunity to respond." *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014).

As Plaintiff has not responded to multiple Court Orders and has not otherwise pursued this matter, Rule 41(b) dismissal is appropriate. Additionally, the procedure for *sua sponte* dismissal in this case is fair because this Report and Recommendation puts Plaintiff on notice of the Court's intention and Plaintiff has fourteen (14) days to file an objection and explain why his case should be allowed to proceed. Plaintiff has also been twice warned that his failure to comply with the Court's Orders may result in the dismissal of his case, and Plaintiff received clear instruction that Order [5] established his "final opportunity to comply."

Furthermore, dismissal is warranted as Plaintiff's Complaint [1] fails to state a cognizable claim for several reasons. The Complaint [1] references global mind prisons, Russian war crimes, the alienation of Plaintiff's wife's affections due to the division of her brain because of the Drug Enforcement Agency, the cartel, the mob, the Royal Wedding, former Justice Sandra Day O'Connor, the Chief Justice John G. Roberts, and President Joseph R. Biden's "self-serving

gas pumps." Notably, the Complaint [1] does not contain a single reference to Defendants nor does it state any plausible claim.

Plaintiff's Complaint [1] fails to identify the nature of his claims and relief sought, the allegations supporting his claims, and the basis for federal jurisdiction. Plaintiff has not contacted the Court or filed anything into the record to explain his failure to participate in the case or to respond to the Court's Orders [4] and [5]. Accordingly, dismissal is warranted in this case to prevent further delay and avoid congestion in the calendars of the Court. *Link*, 370 U.S. at 630-31.

## RECOMMENDATION

As Plaintiff has failed to prosecute this action and comply with the Court's Orders, the undersigned recommends that this action be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS FURTHER RECOMMENDED that the Motion for Leave to Proceed *in forma pauperis* [2] be DENIED for Plaintiff's failure to provide the information required by the Court.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party, within fourteen days (14) after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. L. U. Civ. R. 72(a)(3). The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected

to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    This the 6th day of October, 2023.

                                              s/Michael T. Parker
                                              United States Magistrate Judge