UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ROBERT JAMES SWINT                                                          PLAINTIFF

V.                                              CIVIL ACTION NO. 3:23-CV-510-KHJ-MTP

PG & E, et al.                                                              DEFENDANTS

ORDER

Before the Court is Magistrate Judge Michael T. Parker's [6] Report and Recommendation. For the reasons stated, the Court adopts the Report's findings and recommendations and dismisses this action without prejudice.

Pro se Plaintiff Robert James Swint initiated this action on August 7, 2023. Compl. [1]. He moved for leave to proceed *in forma pauperis* that same day. [2]. Ten days later, the Magistrate Judge entered an Order identifying deficiencies in Swint's Complaint and application to proceed *in forma pauperis*. [4] at 1–2. The Magistrate Judge ordered Swint to file an amended complaint and a completed application to proceed *in forma pauperis* by August 31. *Id.* at 2.

Swint filed neither. *See* Order [5]. Accordingly, the Magistrate Judge entered a Show Cause Order and set a new deadline of September 22. *Id.* at 2. The Show Cause Order warned Swint that this was his "one final opportunity to comply." *Id.* September 22 came and went; Swint did not respond. *See* [6] at 1–2.

So, on October 6, the Magistrate Judge recommended this Court dismiss Swint's action without prejudice. *Id.* at 3. The Report gave Swint 14 days to file written objections. *Id.* at 2. "Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court." *Id.* at 3–4 (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996)).

The Court may dismiss an action for failure to prosecute or comply with an Order. Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). Courts need not wait for a party to raise this issue but may dismiss an action sua sponte to "clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630. This inherent authority arises from the Court's need to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31. Dismissal for failure to prosecute is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629–30.

To date, Swint has not filed an objection or otherwise responded to any of the Court's Orders. Accordingly, this Court adopts the Magistrate Judge's [6] Report and Recommendation and DISMISSES this case without prejudice.

SO ORDERED, this 1st day of November, 2023.

                                                s/ *Kristi H. Johnson*
                                                UNITED STATES DISTRICT JUDGE